STATE OF MAINE                    SUPERIOR COURT
PENOBSCOT, ss.                    CIVIL ACTION
                                 DOCKET NO. RE-11-34

U.S. BANK NATIONAL ASSOCIATION, ND

v.

ELLEN T. CELLI (a/k/a ELLEN J. CELLI)
and MICHAEL CELLI

                    DECISION AND ORDER

     This matter is before the Court on complaint seeking
foreclosure, filed on February 23, 2011.  Following denial
of a motion for summary judgment, this case was tried to
the Court on December 27, 2011.

     It is elemental that the burden on the plaintiff in a
foreclosure action is to establish its proof of ownership
of the mortgage and note, including all assignments.  *Chase
Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d
508.  The plaintiff must also prove notice of default and
right to cure.  *Id.*

     The record reflects that the note in question (Pl.'s
Ex. A) was made between Defendants and Wilmington Finance,
Inc., on October 5, 2007.

     The mortgage (Pl.'s Ex. B), although prepared by
Wilmington Finance, Inc. and dated October 5, 2007, was
between Defendants and Mortgage Electronic Registration
Systems, Inc., known in the document as MERS.  MERS was
listed as nominee for lender Wilmington Finance, Inc.  It
was also listed as mortgagee for the limited purpose of
recording this mortgage.  At no place in the mortgage is
another individual or entity identified as the mortgagee.

     The note in evidence has at page 6 an "allonge" that
purports to endorse the note in favor of Wilmington
Finance, Inc., the original maker and holder of the note.

                         1

Counsel for Plaintiff candidly acknowledged that he was not provided with an endorsement of the note by Wilmington Finance, so his office prepared an allonge one a week or so prior to trial and had it executed by a Chris White as "Designated Signer." The Court refused to admit that in evidence, questioning its reliability and relevance.

Likewise, the Court refused to admit an "allonge" signed by Lisa Walton and purportedly endorsing the note to U.S. Bank National Association, ND (Pl.'s Ex. D), but not attached to the original note.[1] The original note had stapled to it the "allonge" signed by Chris White suggesting by implication that it was signed at the time of the note execution—until Plaintiff's counsel made his candid disclosure. Plaintiff's counsel further acknowledged that the "allonge" signed by Lisa Walton was prepared by his office on January 10, 2011, and forwarded to Ms. Walton for her signature by Plaintiff's counsel. This is the same date that Ms. Walton executed a corporate assignment of the mortgage and note in favor of U.S. Bank National Association, ND (Pl.'s Ex. G).

### Ownership of Note and Mortgage

There is no question that Wilmington Finance owned the Celli note and assigned the same to U.S. Bank National Association, ND. Defendant argues that there is a question of who owns the mortgage and who is the mortgagee. If MERS is the mortgagee, then not having assigned the mortgage to anyone, the claim of foreclosure by U.S. Bank National Association, ND must fail and the complaint must be dismissed for failure of proof.

The Corporate Assignment of Real Estate Mortgage (Pl. Ex. G) is significant because it purports to have Wilmington Finance, Inc. assign the mortgage involving the Defendants to U.S. Bank National Association, ND. The obvious problem is that Wilmington Finance, Inc. is not the named mortgagee. MERS is the named mortgagee. There is no evidence presented of any assignment of the Celli mortgage from the mortgagee MERS to Wilmington Finance, Inc. For reasons stated below, the failure of MERS to assign its

---

[1] The original Celli note was present in the courtroom for counsel and the Court to inspect in terms of what was stapled to the note as an "allonge" or endorsement by amendment.

2

interest in the mortgage to Wilmington Finance or U.S. Bank is not fatal to the foreclosure.

Our Law Court has explored the status of MERS as mortgagee under the laws of the state of Maine. *See Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, 2 A.3d 289. Although the *Saunders* case dealt with MERS's standing to sue as mortgagee, ruling MERS out as having authority to do more then record the mortgage, it did confirm the mortgagee as the mortgage lender. This is notwithstanding that only MERS is mentioned in the mortgage as mortgagee. That is to say, although MERS is identified as the mortgagee in Exhibit B, MERS's authority is limited by that document to filing the mortgage. Wilmington Finance, as lender, is the beneficiary of the covenants in the mortgage as given by the Cellis. *See id.* ¶ 10. MERS only has the authority/duty to record the mortgage. Wilmington Finance is legally the mortgagee, notwithstanding that by terms of the note MERS is listed as the mortgagee of record.

Plaintiff has met its burden of proof to show ownership of the note and mortgage, the same having been assigned to U.S. Bank, National Association, ND at the time of filing the complaint and at the time of the trial.

### Proof of Breach of
### Mortgage Condition

The parties don't disagree that the Cellis stopped paying the monthly mortgage payment due under the note, the payment of which is a condition of the mortgage. The last payment was made in May of 2010. On this issue, Plaintiff has met its burden of proof.

### Proof of Properly Served
### Notice of Default and Right to Cure

In this instance, there are two notices that need to have been given to Mr. and Mrs. Celli. One is the statutory notice found in 14 M.R.S. § 6111(1-A) (2011). The second is the requirement of notice found in paragraph 22 of the mortgage given by Mr. and Mrs. Celli to Wilmington Finance, Inc. Both notice requirements serve essentially the same purpose. They notify the borrower of what amount they have to pay to cure the default. As stated in the statute, the purpose is to advise the borrower that they have "the right to cure the default by full payment of all amounts that are due without

3

acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees." *Id.* § 6111(1).

The statute further provides at section 6111(1) that the lender/mortgagee "may not accelerate maturity of the unpaid balance . . . until at least 35 days after" the written notice is given to the mortgagor of this right to cure.

In short sentences, if you pay this amount stated in the notice (here, $17,854.39) you have cured or satisfied the default. To make the right to cure meaningful, the borrower has to be told what they need to pay to cure the default. If the legislature meant that the lender needed to tell the borrower to call the lender to find out how much to pay, the legislation would have said that! Instead, the statute requires the lender to tell the borrower the amount they have to pay to cure, not simply "call us".

On December 28, 2010, U.S. Bank sent the Celli family a letter advising them that (#1) "The amount required to cure this default as of December 31, 2010 [i.e. 3 days after the date on the notice] is $17,854.39. This amount includes: past due payments: $16,209.20; late charges $1379.04; legal fees $176.15; and miscellaneous expenses $90.00."

The bank also added (#2) in their right to cure default letter: "The above amount, plus any subsequent installments and other charges and fees that become due or have been paid on your behalf must be sent to the address listed below within thirty five (35) days from the date of this notice." (Pl.'s Ex. C.)

If, as the lender argues, the letter and spirit of the notice to cure statute have been satisfied by this letter (Pl. Ex. C), then WHAT AMOUNT IS THE MORTGAGOR/BORROWER TO PAY TO CURE THE DEFAULT? The short answer is that the lender/mortgagee has not told the borrower in this notice. At best, the lender says to the borrower, "call us". Whatever the amount due is, only the lender/mortgagee knows, and it has not shared that with the borrower/mortgagor. Patently, sharing that information, a specific number, is what the whole concept of a notice to cure is about! This notice to cure satisfies neither the

4

statutory purpose of the notice of right to cure nor the purpose defined in paragraph 22 of the Celli mortgage.

The notice to cure is defective. It serves neither the statutory purpose nor the purpose of paragraph 22 of the mortgage. While the borrower may have been given notice of default, under no reading of Plaintiff's Exhibit C has the purpose of the notice to cure been served in this case by telling the borrowers what they have to pay to cure the default.

## Judgment

Plaintiff has failed in its burden of proof. On this complaint the Court finds for the Defendants and judgment will enter in favor of Defendants Ellen T. Celli and Michael Celli and against U.S. Bank National Association, ND, together with costs.

At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R. Civ. P. 79(a).

January 26, 2012

Kevin M. Cuddy
Justice, Superior Court

5

U S BANK NATIONAL ASSOCIATION ND - PLAINTIFF
205 W 4TH ST SUITE 500
CINCINNATI OH 45202
Attorney for: U S BANK NATIONAL ASSOCIATION ND
JAMES AUDIFFRED  - RETAINED 02/23/2011
LAW OFFICE OF JAMES L AUDIFFRED
374 MAIN STREET
PO BOX 1005
SACO ME 04072

**DOCKET RECORD**

vs
ELLEN T CELLI AKA ELLEN J. CELLI  - DEFENDANT
42 GETTYSBURG AVE
BREWER ME 04412
Attorney for: ELLEN T CELLI AKA ELLEN J. CELLI
S JAMES LEVIS JR - RETAINED
LEVIS & INGRAHAM PA
338 MAIN STREET

SACO ME 04072

MICHAEL CELI  - DEFENDANT
42 GETTYSBURG AVE
BREWER ME 04412
Attorney for: MICHAEL CELI
S JAMES LEVIS JR - RETAINED
LEVIS & INGRAHAM PA
338 MAIN STREET

SACO ME 04072

Filing Document: COMPLAINT                    Minor Case Type: FORECLOSURE
Filing Date: 02/23/2011

## Docket Events:

03/01/2011 FILING DOCUMENT - COMPLAINT FILED ON 02/23/2011

03/01/2011 Party(s):  U S BANK NATIONAL ASSOCIATION ND
          ATTORNEY - RETAINED ENTERED ON 02/23/2011
          Plaintiff's Attorney: JAMES AUDIFFRED

03/01/2011 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/01/2011

03/08/2011 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 03/08/2011
          KAREN  SMITH , ASSISTANT CLERK
          SEALED ORIGINAL FORWARDED TO PENOBSCOT COUNTY REGISTRY OF DEEDS WITH PAYMENT

04/14/2011 Party(s):  MICHAEL CELI
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/21/2011
          AS TO DEFENDANT ELLEN T. CELLI

04/14/2011 Party(s):  MICHAEL CELI
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/30/2011
          BY PLAINTIFF.